# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 03-CR-1027-LRR |
| vs. | **ORDER** |
| SHAUN JOSEPH RUFF, | |
| Defendant. | |

Before the court is the Motion to Recuse (docket no. 62) filed by Defendant Shaun Ruff. Defendant asks that the undersigned recuse herself because one of her law clerks, a former Special Assistant United States Attorney, prosecuted him. For the reasons expressed herein, the court denies the Motion to Recuse.

## I. BACKGROUND[1]

On October 2, 2003, the United States of America filed a one-count Information against Defendant. Defendant was charged with conspiring to distribute 500 grams or more of cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B), 841(b)(1)(D) and 846. The Information was signed by Ms. Teresa Baumann, a Special Assistant United States Attorney.

Ms. Baumann prosecuted the case on behalf of the government, and Defendant eventually pled guilty to the Information. Defendant agreed to pay restitution to the Iowa Division of Narcotics Enforcement ("Iowa DNE") in the amount of $9985 for lost

---

[1] The facts and circumstances surrounding this case are set forth in more detail in a recent decision of the Eighth Circuit Court of Appeals. *See generally United States v. Ruff*, 420 F.3d 772 (8th Cir. 2005).

controlled buy money. Defendant also agreed to forfeit his 1995 Chevy Blazer and items seized from his person and residence upon his arrest.

At Defendant's sentencing, Ms. Baumann argued that Defendant should receive a two-level increase for willfully minimizing his conduct during grand jury testimony. *See* U.S.S.G. § 3C1.1. For similar reasons, Ms. Baumann also argued that Defendant was not entitled to a reduction in his sentence for acceptance of responsibility. *See id.* § 3E1.1.

On August 19, 2004, the court sentenced Defendant to 65 months' imprisonment and five years' supervised release. The court also ordered Defendant to pay restitution in the amount of $9985 to the Iowa DNE. The undersigned permitted Defendant to make monthly payments on the restitution in accordance with the Bureau of Prisons' Financial Responsibility Program.[2] Over Defendant's objection, however, the court declined to apply the net proceeds realized from the forfeiture of his property to the restitution amount.

On August 27, 2004, Defendant appealed. Ms. Baumann represented the government throughout the appeal.

In July of 2005, the undersigned hired Ms. Baumann as an elbow law clerk. Ms. Baumann was assigned to work on the court's civil docket, as well as to perform certain ministerial duties. To forestall an appearance of impropriety from arising, the court immediately screened Ms. Baumann from any substantive work on the court's criminal caseload.

On August 24, 2005, the Eighth Circuit Court of Appeals reversed and remanded for a new restitution hearing. *See United States v. Ruff*, 420 F.3d 772, 776 (8th Cir.

---

[2] The court ordered that "[t]he amount of the monthly payments should not exceed 50% of the funds available to [Defendant] through the institution or non-institution (community) resources and shall not be less than $25 per quarter."

2005). The court held that, if Defendant can establish that the Iowa DNE received any forfeiture funds, then the court must modify its restitution order to prevent any "double recovery" on the part of the Iowa DNE. *Id.* (citing *United States v. Manzer*, 69 F.3d 222, 230 (8th Cir. 1995)).

In a concurring opinion, Chief Judge Loken "note[d] a disturbing violation of [the] law by the United States Attorney's Office." *Id.* at 776 (Loken, C.J., concurring). Chief Judge Loken alleged that an unnamed paralegal and an unnamed Assistant United States Attorney wrote Defendant two letters, in which they made unlawful demands for immediate payment of restitution and penalties.[3] *Id.* Chief Judge Loken urged the undersigned to "investigate this apparent disregard of the law by the U.S. Attorney's [O]ffice and to take whatever action may be necessary to nullify any unlawful penalties that have been assessed." *Id.* at 777.

Upon remand, a restitution hearing was set for January 27, 2006. On January 14, 2006, Defendant filed the instant Motion to Recuse. On January 20, 2006, the United States filed a Resistance.

## II. ANALYSIS

Defendant relies upon 28 U.S.C. § 455(a) in support of his Motion for Recusal. That statute provides:

> Any . . . judge . . . of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned.

28 U.S.C. 455(a). The statute is intended "to promote public confidence in the integrity

---

[3] While his appeal was pending, Defendant moved to supplement the appellate record regarding the government's imposition of the penalty. The Eighth Circuit Court of Appeals granted Defendant's motion.

of the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988).

"By enacting section 455(a), Congress sought to eradicate not only actual, but also the appearance of impropriety in the federal judiciary." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). It is irrelevant, then, whether the judge is actually biased; section 455(a) "sets an objective standard that does not require scienter." *Id.* The Eighth Circuit Court of Appeals, therefore, has "recast the issue as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *Id.* (quoting *In re Kansas Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)). The recusal decision is committed to the sound discretion of the district court. *Id.*

Defendant contends recusal is warranted for two reasons. First, Defendant points out that Ms. Baumann, who originally prosecuted Defendant and argued the case to the Eighth Circuit Court of Appeals, is now employed as an elbow law clerk for the undersigned. Second, Defendant notes that Chief Judge Loken has urged the undersigned to investigate the conduct of the United States Attorney's Office for actions taken while Ms. Baumann was in its employ.[4]

Defendant concedes the instant Motion to Recuse contains "very similar facts" to a recent case, in which the undersigned concluded recusal was not warranted. In *United States v. Martinez*, 385 F. Supp. 2d 779 (N.D. Iowa 2005), the undersigned denied a motion to recuse that was based upon Ms. Baumann's former employment.

---

[4] Counsel for Defendant also points out that he filed the instant Motion to Recuse because "the same recusal issue is now on appeal [in another case where he provided legal assistance], and [he] does not want the government to argue that the issue is weakened or waived because of [his] lack of objection in the instant case." This is a reason for filing the motion, not a reason for recusal.

4

*Martinez* is instructive. Just as the court noted in *Martinez*, the present case is distinguishable from cases in which a judge's law clerk accepts an offer of future employment with a party before the court and is not isolated from all participation in the case. *See, e.g., Hall v. Small Bus. Admin.*, 695 F.2d 175, 179 (5th Cir. 1983). Here, the alleged conflict concerns a law clerk's prior employment, and the court has completely isolated Ms. Baumann from the former employer's cases. As the Eleventh Circuit Court of Appeals has recognized:

> [A] law clerk has little incentive to influence a judge in an effort to curry favor with a former employer. Conversely, a law clerk has a financial incentive to benefit a future employer. Given this financial incentive, if ever a law clerk were of a mind to influence his judge, it would likely be for the benefit of a future rather than a former employer. Because precedent approves the isolation of a law clerk who has accepted future employment with counsel appearing before the court, it follows that isolating a law clerk should also be acceptable when the clerk's former employer appears before the court.
>
> [W]e [also] note that a law clerk has no incentive to violate a court's instruction that he isolate himself from the case and thereby subject himself to discharge. In this case, the district judge explained that, as a matter of course, he isolates law clerks from cases involving past or future employers. The obvious purpose of this procedure is to ensure that the appearance of partiality does not arise; as such, only a foolhardy law clerk would purposely circumvent the court's instruction by attempting to pass on information about a case.

*Byrne v. Nezhat*, 261 F.3d 1075, 1102 (11th Cir. 2001) (citations omitted); *see also United States v. DeTemple*, 162 F.3d 279, 286 n.2 (4th Cir. 1998) (holding a district court judge did not abuse his discretion by declining to recuse himself after law clerk married prosecutor because the court "took pains to see [that the law clerk] did not work on [the]

case").

From the outset of Ms. Baumann's employment, the court has undertaken measures to screen Ms. Baumann from the court's criminal docket to avoid any appearance of impropriety. Ms. Baumann was hired to work exclusively on the court's civil caseload. Ms. Baumann has not discussed the case at bar with the undersigned, nor has she worked on it. Ms. Baumann has not and will not have any involvement whatsoever with the undersigned's decisions in the case. *See Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 613 (8th Cir. 2003) (holding recusal not warranted where judge assured parties that law clerk would not have "any involvement whatsoever" with the court's handling of case). Unlike *Martinez*, Ms. Baumann has not even performed any ministerial duties in connection with this case. Indeed, Ms. Baumann is presently on leave and will not be present in chambers during Defendant's sentencing. Ms. Baumann's mere presence on the judicial branch's payroll is not a sufficient reason for the undersigned's recusal. "A judge is not necessarily forbidden . . . to do all that is prohibited to each of [her] clerks." *Hunt v. Am. Bank & Trust Co.,* 783 F.2d 1011, 1015-16 (11th Cir. 1986). The court concludes that "the average person on the street" would not reasonably question the undersigned's impartiality because of Ms. Baumann's former employment, and, therefore, recusal is not warranted. *See* 28 U.S.C. § 455(a).

The court also finds that Chief Judge Loken's call for the undersigned to investigate the U.S. Attorney's Office in this matter does not warrant recusal. The court reviewed the letters that the Chief Judge's concurrence references and finds there is no evidence whatsoever that Ms. Baumann had any involvement with those persons who attempted to make Defendant pay his restitution in full within thirty days or to pay penalties. The Chief Judge's criticisms were clearly not directed at Ms. Baumann or any of her actions in connection with this case, but instead with an Assistant United States Attorney and a

6

paralegal who work on financial matters for the Office of the United States Attorney. The court finds the Chief Judge's statements in his concurring opinion do not require the undersigned's recusal. Knowing all the facts, the court concludes that "the average person on the street" would not reasonably question the undersigned's impartiality because of Ms. Baumann's former employment, and, therefore, recusal is not warranted. *See* 28 U.S.C. § 455(a).

### *III. CONCLUSION*

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Recuse (docket no. 62) is **DENIED**.

**SO ORDERED.**

**DATED** this 25th day of January, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA