# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SHAUN JOSEPH RUFF,<br><br>    Defendant. | No. 03-CR-1027-LRR<br><br>**ORDER** |

Pursuant to the August 24, 2005 decision of the Eighth Circuit Court of Appeals, a restitution hearing is scheduled in this matter on January 27, 2006. The Eighth Circuit Court of Appeals held that a law enforcement agency may not obtain "double recovery" from a convicted defendant through both forfeiture and restitution payments. *United States v. Ruff*, 420 F.3d 772, 776 (8th Cir. 2005). The Court remanded for a restitution hearing, at which Defendant shall be afforded the opportunity to establish such double recovery by the Iowa Division of Narcotics Enforcement ("Iowa DNE") in this case. *Id.*

In a concurring opinion, Chief Judge Loken "wrote separately to note a disturbing violation of the law by the [U.S.] Attorney's [O]ffice." *Id.* at 776 (Loken, C.J., concurring). Chief Judge Loken alleged that the U.S. Attorney's Office illegally demanded that Defendant immediately pay his restitution in full and purported to assess Defendant penalties when he did not do so. *Id.* Chief Judge Loken "urge[d] the district court to investigate this apparent disregard of the law by the U.S. Attorney's [O]ffice and to take whatever action may be necessary to nullify any unlawful penalties that have been assessed." *Id.* at 777.

In his sentencing memorandum, Defendant informed the court that at the restitution

hearing he intends to

> present the testimony of [AUSA Martin] McLaughlin regarding the circumstances surrounding the assessment of the purported penalty in the instant case; other cases where such an assessment has been improperly assessed; whether the government continues to assess such penalties against similarly situated defendants; and, the amount of penalties improperly assessed by this [U.S.] Attorney's Office against similarly situated defendants.

The government resists Defendant's attempt to turn the restitution hearing into a hearing on the ethics of the U.S. Attorney's Office.

The court agrees that the restitution hearing is not the proper forum to address Chief Judge Loken's concerns. The government correctly points out that:

> [T]here is no pending case or controversy relating to the imposition of penalties in this matter. The [Eighth Circuit] remanded this case for "restitution proceedings." *See Ruff*, 420 F.3d at 776. The remand directed the [c]ourt only to "modify the restitution order to prevent recovery by the Iowa DNE." *Id.* . . . . Thus, because the financial judgment against [D]efendant was reversed and remanded, the question of the imposition of penalties against [D]efendant is moot. There can be no penalties on a judgment that no longer exists. Defendant's burden of attempting to "establish excess recovery by the Iowa DNE," *Ruff*, 420 F.3d at 776, is unrelated to whether penalties were properly imposed, and unrelated to the United States' initial demand for immediate payment of that financial penalty. Thus, [D]efendant can show no relevant purpose for calling AUSA McLaughlin as a witness.

Although the court will follow up on Chief Judge Loken's concerns, the court will not do so at Defendant's restitution hearing. The court shall determine the manner and scope of such investigation in the near future. *See Ruff*, 420 F.3d at 777 (Loken, C.J., concurring) (urging the *district court* to investigate the alleged misconduct). In accordance with the

decision of the Eighth Circuit Court of Appeals, the sole issue at the restitution hearing shall be the "double recovery" issue.

**IT IS SO ORDERED.**

**DATED** this 25th day of January, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA